## Appeal of McCarty *et al.*

1. A mutual assessment association, which was engaged in issuing wagering policies, was dissolved by proceedings instituted by the state, and a Receiver was appointed, who filed a bill in equity against the officers and directors of the same to recover moneys, which, as he alleged, they had fraudulently appropriated to themselves. The Master so found and a decree was entered against the directors jointly for the sum so appropriated.

　　*Held:* (1) that the joint decree was properly made.

　　(2.) That the question of the distribution of this sum was not before the court and objection could not be made to the decree on the ground that it might enure to the benefit of members, who were interested in an unlawful enterprise.

June 2d, 1885.　Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK JJ.　PAXSON, J., absent.

APPEAL from a decree of the Court of Common Pleas of *Dauphin county :*　In Equity : Of June Term 1885, No. 15.

This was an appeal by William H. McCarty, Lewis R. Hummel, Philip Hillbish, B. F. Wagenseller, A. C. Simpson, George J. Schoch, Daniel Bolender, I. C. Burns and S. H. Yoder, Directors of the Mahoning Mutual Assessment Life Association, from a decree of said court ordering them to pay over to the Receiver of said association the sum of $18,853.73.

Bill in equity by Henry S. Boyer, Receiver, against McCarty, *et al.*, Directors of the Mahoning Mutual Assessment Life Association, which averred, substantially, as follows : The said association was duly incorporated on July 16th, 1880, under the Act of April 4th, 1873, and its supplement of May 1st, 1876 (P. L. 53).　That the same was dissolved on May 11th, 1882, and complainant appointed Receiver ; that defendants were the directors of said association and that they had illegally and fraudulently appropriated to their own use large sums of money of the association, collected by them from time to time, being premiums on membership fees, annual dues, assessments, etc., which were not applied to death losses, but divided among the officers of the association.　The bill prayed for discovery, an account and other relief.

The defendants filed answers denying any such fraudulent appropriation and averred that the moneys received by them were received for services rendered.

A Master (E. W. Greenough, Esq.,) was appointed, who found, *inter alia*, that the business of the company was conducted on the mutual assessment plan, there being no paid up capital, and was what is generally known as "a grave-yard insurance company;" that the revenue of the association was

from membership fees, annual dues, mortuary assessments, etc., and that the officers from time to time voted to themselves the surplus revenues after the payment of death losses and other expenses. He stated an account, charging them with a balance of $27,401.05, for which sum he recommended that a decree be entered against defendants jointly.

Numerous exceptions were filed and, upon argument, the Court, SIMONTON, P. J., reduced the amount to $18,853.73 and entered a decree for that sum against the defendants jointly.

Defendants took this appeal, assigning for error the entering of a joint decree and in disallowing them compensation as directors.

*Andrew H. Dill* (*A. W. Potter* with him), for appellants. Even if the officers of the company had taken money to which they were not entitled, the court will not order distribution among those who have been engaged in the business of " wagering policies : " Gilbert *v.* Moose, 8 Outerbridge, 74; Blattenberger *v.* Holman, 7 Id., 555.

The money was received by the officers under a claim of right and in unequal amounts, hence it was error to enter a joint decree making each responsible for the whole amount : Stang's Appeal, 10 W. N. C., 409.

*Charles Hower* and *J. C. McAlarney*, for appellee.—The joint decree was proper, the appellants were the officers of the company, and they joined in carrying the scheme into effect and hence are equally liable : Freeman *v.* Stine, 38 Leg. Int., 268.

The appellants were not officers *de jure* and hence were not entitled to compensation : Riddle *v.* Bedford County, 7 S. & R., 390; Keyser *v.* McKissan, 2 Rawle, 139; Philadelphia *v.* Given, 10 P. F. S., 140.

The directors of a company cannot make with themselves a contract that will be binding on the company : Taylor on Corporations, §§ 31 and 628.

Mr. Justice STERRETT delivered the opinion of the court, October 5th, 1885.

After commencement of proceedings by the Attorney General to dissolve the Mahoning Mutual Assessment Life Association of Selinsgrove, the appellee, Henry S. Boyer, was appointed Receiver by the court. In the proper discharge of his duties, as such, he filed this bill against appellants, officers and directors of the corporation, to recover certain moneys belonging to it which he alleged they wrongfully appropriated and distributed among themselves. The bill charges *inter alia* that they received divers large sums of money belonging to the associa-

tion which they fraudulently appropriated to themselves; "that during the existence of the association they fraudulently divided among themselves money and property of the corporation amounting to $60,000, which should have been applied to payment of death losses now due and unpaid," etc., and prays for discovery, account, etc.

The decree against them is for the payment of $18,853.73 and costs. It is scarcely necessary to say that the facts found by the Master and approved by the court, fully warranted the decree against them for at least the sum above stated.

It is admitted by appellants that the association was one of those organizations popularly denominated " Graveyard Insurance Companies, . . . . . engaged in the business of issuing wagering policies," etc. It is also stated that "its business flourished while the craze lasted and was destroyed in the general wreck caused by the action of the public authorities," that before the Attorney General commenced proceedings against the company "its business had closed, every policy issued by the company had been forfeited for non-payment of dues under the provisions of the charter, every debt of the company by reason of obligations arising from the issuing of policies, or of any character whatever, had been fully paid and the company to all intents and purposes had dissolved," and that, " without necessity, a Receiver had been appointed ostensibly to protect creditors." These and other similar allegations of fact are made, as alleged in appellants' argument, "for the purpose of showing the exact result which the affirmance of these proceedings will produce. It can be no other than this, that a court of equity will collect money for distribution among a class of alleged creditors who would not be permitted to recover at law." This is truly a novel argument for the officers and directors of a dissolved corporation, who are clearly shown to have fraudulently misappropriated and distributed among themselves over $18,000 of its funds, to advance, when called on to make restitution. It is a sufficient answer to all this to say that they have no right to retain the money. When it is collected by the Receiver, the court, whose officer he is, will supervise the distribution thereof and they will doubtless award it to those who are better entitled to receive it than the appellants are to retain it. The question of distribution is not now before us, and what has been said in relation to those who have participated or are likely to participate in the distribution is entirely foreign to this contention.

There was no error in making the decree against appellants jointly. The evidence shows they acted jointly in the fraudulent misappropriation and distribution of the funds among themselves, and if there are any equities, as between themselves,

which they are disposed to recognize, they are the proper parties to adjust them.

It is unnecessary to discuss the remaining assignments of error. We discover no merit in either of them.

> Decree affirmed and appeal dismissed at the costs of appellants.